3-24-20

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 6 2020

CLERK, U.S. DISTRICT COURT
By _____ Deputy

# IN THE UNITED STATES DISTRICT COURT

FOR THE _NORTHERN_ DISTRICT OF TEXAS

_AMARILLO_ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

_CRAIG DOUGHTY_

**PETITIONER**
(Full name of Petitioner)

_NEAL UNIT, POTTER COUNTY, TX._

**CURRENT PLACE OF CONFINEMENT**

vs.

_TDCJ-ID 02203962_

**PRISONER ID NUMBER**

# 2-20CV-077-Z

_LORI DAVIS- Director, T.D.CJ-ID_

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis.* To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other:_____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: THE 412ᵗʰ DISTRICT Court of BRAZORIA County, TEXAS 111 E Locust, Angleton, TX. 77515

2. Date of judgment of conviction: June 4 2018

3. Length of sentence: 25 Years. X 3 Running Concurrent.

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 2 Counts Aggravated Sexual assalt of a Child. 1 Count Sexual assalt of a Child, ALLEGED

–2–

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☐ Not Guilty  ☒ Guilty  ☐ Nolo Contendere

6.  Kind of trial: (Check one)  ☐ Jury  ☐ Judge Only

7.  Did you testify at trial?  ☐ Yes  ☐ No

8.  Did you appeal the judgment of conviction?  ☐ Yes  ☒ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _____ N/A _____

    _____ N/A _____  Cause Number (if known): _____ N/A _____

    What was the result of your direct appeal (affirmed, modified or reversed)? _____ N/A _____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____ N/A _____

    _____

    Result: _____ N/A _____

    Date of result: _____ N/A _____  Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____ N/A _____

    Date of result: _____ N/A _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: *Court of Criminal appeals of Texas.*

    Nature of proceeding: *Writ of habeas Corpus 1107*

    Cause number (if known): *78393-CR-A*

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: Denial of Constitutional right to self represent and manage my own defense, forcing an attorney upon me.

Date of final decision: 3-11-2020

What was the decision? Denied without written order

Name of court that issued the final decision: Texas Court of Criminal appeals.

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
N/A

Grounds raised: N/A

_____

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.  Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?          ☐ Yes     ☒ No

(a)  If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

N/A

(b)  Give the date and length of the sentence to be served in the future: _____

N/A

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☒ No

## Parole Revocation:

13.    Date and location of your parole revocation: _N/A_

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No _N/A_

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes    ☐ No _N/A_

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No _N/A_

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_N/A_

Disciplinary case number: _N/A_

What was the nature of the disciplinary charge against you? _N/A_

18.    Date you were found guilty of the disciplinary violation: _N/A_

Did you lose previously earned good-time days?    ☐ Yes    ☐ No _N/A_

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_N/A_

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_N/A_

_N/A_

_N/A_

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes    ☐ No _N/A_

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _N/A_

Date of Result: _N/A_

Step 2 Result: _N/A_ _____

Date of Result: _N/A_ _____

**All petitioners must answer the remaining questions:**

20.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.     **GROUND ONE:** _Denial to let accused Self Represent forcing Counsel upon him._

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

B.     **GROUND TWO:** _N/A_ _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

C. **GROUND THREE:** N/A

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

D. **GROUND FOUR:** N/A

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: All relief available by law. I the Petitioner seek to have the opportunity to fairily litigate my Claims of innocents. A new Trial.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☐ No If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

   _N/A_

   _N/A_

   If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

   If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

   _____

   _____

   _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

   If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _N/A_

   _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: _Tom Stickler.  State Bar 00794988_

   (b) At arraignment and plea: _Same_

   (c) At trial: _N/A_

   (d) At sentencing: _Same_

   (e) On appeal: _N/A_

   (f) In any post-conviction proceeding: _N/A_

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

Date of Judgment.                                                            6-4,2018

Date sent 11.07 Writ of habeas Corpus Via Prison mail System 5-15,2019

Date, received denial. 11.07 Via Prison mail System               3-17,2020

Date sent Writ 2254 Via Prison mail System.                       3-24-2020

_____

Proof of this is all stapled together EXHIBIT B.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the
                expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation
                of the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such State action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
                Court, if the right has been newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_March 24 2020_____ (month, day, year).

Executed (signed) on _March 24 2020_ (date).

_Craig Doughty_____
Signature of Petitioner (required)

Petitioner's current address: _____

_____ Craig Doughty. # 2203962

NEAL UNIT
9055 SPUR 591
Amarillo, TEXAS, 79107

# ARGUMENTS

● THE STATE'S ARGUMENT THAT THE APPLICANT DID NOT CLEARLY AND UNEQUIVOCALLY ASSERT HIS RIGHT TO SELF REPRESENTATION FAILS IN THE FACT OF LAW AND IS DIRECTLY CONTRADICTED BY THE RECORD. THE COURT SPECIFICALLY RECOGNIZED THE APPLICANTS MOTION TO REMOVE APPOINTED COUNSEL AS A REQUEST TO PROCEED PRO-SE AND DENIED THE MOTION ON THAT BASIS. THUS FORCLOSING ANY ARGUMENT. THE REQUEST WAS NOT CLEARLY AND UNEQUIVOCALLY MADE specifically. THE COURT STATED IF IT GRANTED THE MOTION APPLICANT WOULD HAVE TO BE HIS OWN LAWYER FOR THE ENTIRE CASE DEALING WITH OBJECTIONS, INTRODUCTIONS OF EVIDENCE AND THINGS OF THAT NATURE. APPLICANTS

● REQUEST FOR STANDBY COUNSEL CAME AFTER THE FACT AND AS A ALTERNATIVE OPTION IF THE COURT WOULD NOT REMOVE CounSEL. THE COURT IN THIS CASE ADDRESSED THE MOTION TO REMOVE COUNEL AS A REQUEST TO PROCEED PRO-SE AND DENIED THE MOTION BECAUSE APPLICANT WOULD BE DEALING WITH OBJECTIONS, INTRODUTION OF EVIDENCE AND QUESTIONING WITNESSES" ALL OF WHICH WOULD BE DETRIMENTAL NOT TO HAVE COUNSEL AND IT WOULD NOT BE GOOD FOR YOUR CASE. THE COURS RECOGNITION OF APPLICANTES REQUEST TO PROCEED PRO-SE and SUBSEQUENT DENIAL WAS AN

● UNREASONBIE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW. AS DETERMINED BY THE U.S. SUPREME COURT IN FARRETTA V CAL: 422 U.S. 806 (1975)

THE COURT IN FARETTA ,MADE IT CLEAR, A COURT
SHOULD NOT ASSESS HOW WELL OR POORLY A DEFENDENT
MAY CONDUCT HIS OWN DEFENSE AND HIS LEGAL KNOWING
EXERCISE OF THE RIGHT TO DEFEND HIMSELF. Id AT 422
U.S. 836   ONCE A COURT RECOGNIZES A DEFENDANCE
REQUEST TO PROCEED PRO SE THE DENIAL OF THE RIGHT
CONSTITUTES A STRUCTUAL ERROR.  THE RIGHT IS EITHER
RESPECTED OR DENIED.  U.S GONZALEZ - LOPEZ 548 U.S.
140, 148, 49 (2006)  A STATE MAY EVEN OVER
OBJECTION BY THE ACCUSED APPOENT A STANDBY
COUNSEL TO AIDE THE ACCUSED IF AND WHEN
THE ACCUSED REQUEST , HELP
BATCHOR v CAIN  632 F 3d 400 (5th CIR (2012)
CITING M, 46, 95 Sct 2521   THE COURT AND STATE
POSTION THAT APPLICANT COULD NOT HAVE CO-COUNSEL
(AKA) STAND-BY-COUNSEL IS CONTRARY TO STATUTE
AND LAW . TEXAS CODE OF CRIMINAL PROCEDURE
ARTICAL 1.05  RIGHTS OF ACCUSED SPECIFICALLY
STATES.  HE SHALL HAVE THE RIGHT OF BEING HEARD
BY HIMSELF, OR COUNSEL OR BOTH    SEE ALSO
BATCHEWR v CAIN 682 F. 3d 400. ID At 406. THE COURT
IN THIS CASE SPECIFICALLY RECONIZED THE REQUEST AS
A DESIRE TO PROCEED PRO SE THUS THE COURT IN ITS
DISCRETION CONSIDERED THE REQUEST AS A CLEAR AND
UNEQUVICALL ASSERTION OF THE RIGHT . WILE IT'S
TRUE APPLICANT DID NOT USE THE TERMINOLOGY
PRO-SE. THE COURT RECONIZED HIS CONDUCT IN
REQUESTING

REMOVAL OF APPOINTED COUNSEL AND HIS ARTICULATIONS TO QUESTION HIS OWN WITNESSES. AS A CLEAR AND UNIQUIVICALL DISIRE TO MANAGE HIS OWN DEFENSE AS AUTHORIZED BY FARETTA AND PROCCEDS TO WARN APPLICANT OF THE DANGERS OF PRO-SE DEFENSE, AGAIN SUPORTING THE COURT THE COURT CONSIDERED THE REQUEST AS A DESIRE TO PROCEED PRO SE AS THE COURT IN <u>FARETTA</u>

## CONCLUSION.

I MADE IT VERY CLEAR TO THE COURT THAT I WANTED THIS COUNSEL REMOVED ALL WITHIN A REASOABLE AMOUNT OF TIME, YET THE COURT FORCED COUNSEL UPON ME.

FORCING COUNSEL UPON THE ACCUSED IS WWAT FARETTA V CAL IS ABOUT. NOT RATHER THE ACCUSED USES THE WORD PRO SE OR NOT.

DATE <u>March 24 2020</u> RESPECTFULLY SUBMITTED
Craig Doughty

## UNSWORN DELORATION

I CRAIG DOUGHTY BEING PRESSENTIY
INCARCERATED IN THE TEXAS DEPARTMENT OF
CRIMANAL JUSTICE AT THE NEAL UNIT
POTTER COUNTY, TEXAS DECIARE UNDER
PENALTY OF PERJURY THAT ACCORDING FO MY
BELIEF, THE FACTS STATED ARE TRUE AND
CORRECT SIGNED ON THIS 24 DAY OF
March 2020

Craig Doughty

# MOTION TO REMOVE COUNSEL

## Pro - SE

Cause. No. 78393-CR

RECEIVED
MAY 17 2013

FILED
at 4:30 o'clock P.M.

MAY 23 2018

Brenda Bouchel
Clerk of District Court Brazoria Co., Texas
BY_____ DEPUTY

THE STATE OF TEXAS | IN THE 418th JUDICAL
VS | DISTRICT COURT OF
CRAIG DOUGHTY | BRAZORIA COUNTY TEXAS.

## MOTION TO WITHDRAW COUNSEL

TO THE HONORABLE JUDGE. OF SAID COURT

CRAIG DOUGHTY; THE DEFENDANT IN SAID CASE,
MOVES THIS COURT TO ENTER AN ORDER TO
WITHDRAW COUNSEL

### I

TOM STICKIER, MY ATTORNEY IS REFUSING to
GET READY FOR TRIAL. HE HAS STATED THAT HE
HAS NOT GONE OVER ALL THE EVIDENCE IN MY
CASE, INCLUDING C.P.S. FILES AND REFUSES TO DO
SO. I ALSO HAVE OTHER ISSUES WITH THIS.
ATTORNEY, THAT HAVE TO DO WITH THE HEAR-
SAY RULE, WHICH I WILL ADDRESS IN PERSON

### II

I CRAIG DOUGHTY ASK THIS COURT TO GRANT
THIS MOTION TO WITHDRAW COUNSEL
ON THIS 5th DAY OF MAY 2018 TO WITHDRAW
TOM STICKIER statebar 00794988 AS COUNSEL.

I DO DECLARE UNDER PENALTY OF PERJURY THAT
THIS APPLICATION IS TRUE AND CORRECT TO THE BEST OF
MY (PROSE) ABILITY ON THIS 5th DAY OF MAY 2018

Cause. No. 78393-CR 1 OF 1

Court Reporter's Record.

```
 1                      REPORTER'S RECORD

 2                   VOLUME 1 OF 1 VOLUMES

 3               TRIAL COURT CAUSE NO. 78393

 4

 5

 6   THE STATE OF TEXAS          *    IN THE DISTRICT COURT OF

 7                               *

 8   VS.                         *    BRAZORIA COUNTY, TEXAS

 9                               *

10   CRAIG DOUGHTY               *    412TH JUDICIAL DISTRICT

11   ***********************************************************

12                           PRETRIAL

13   ***********************************************************

14

15          On the 24th day of May, 2018, the following

16   proceedings came on to be heard in the above-entitled and

17   numbered cause before the Honorable W. Edwin Denman, Judge

18   presiding, held in Angleton, Brazoria County, Texas.

19

20          Proceedings reported by Machine Shorthand Method.

21

22

23

24

25
```

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

| | |
|---|---|
| 1 | **A P P E A R A N C E S** |
| 2 | |
| 3 | **MR. DAVID TAMEZ** |
| | SBOT NO. 24079433 |
| 4 | **MR. TRAVIS TOWNSEND** |
| | SBOT NO. 24048843 |
| 5 | 111 East Locust, Suite 408A |
| | Angleton, Texas 77515 |
| 6 | Phone:  979-864-1230 |
| | ATTORNEYS FOR THE STATE OF TEXAS |
| 7 | |
| | AND |
| 8 | |
| | **MR. TOM STICKLER** |
| 9 | SBOT NO. 00794988 |
| | 235 W. Sealy |
| 10 | Alvin, Texas 77511 |
| | Phone:  281-331-5288 |
| 11 | ATTORNEY FOR THE DEFENDANT |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

| | | | |
|---|---|---|---|
| 1 | **I N D E X** | | |

MAY 24, 2018                                                PAGE

Appearances. . . . . . . . . . . . . . . . . . 2

Pretrial. . . . . . . . . . . . . . . . . . 4

Court Reporter's Certification. . . . . . . . . 14

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

**MAY 24, 2018**

THE COURT:  We are on the record in Cause number 78393-CR, the State of Texas versus Craig Doughty.  This case is set for trial on June 4, 2018.  It was not on the announcement docket for today because it has a June 4th trial date.  But Mr. Doughty is present, Mr. Stickler is present as counsel for Mr. Dowdy, as well as Mr. Tamez for the State.

Mr. Doughty has sent some communications to the Court which have been forwarded to counsel.  One is a motion to *The Court received this motion weeks before trial date* withdraw counsel which I take it you're requesting that Mr. Stickler than removed as your counsel.  Is that correct?

THE DEFENDANT:  If that's possible. (If not) I would like to question my own witnesses.  He said that he had no chance in questioning the witnesses.  There are CD's and *This Attorney told me he would not question the main witnesses. So I was* DVD's that I don't even know what's on them.  I asked them if I *taking it upon my self to do so, or try to.* could see them.  He said probably not.  Every time I talk about them he forbids me to even talk about.

Both the man witnesses against me have recanted.  Every time I tell him about it and I show him where they make mistakes he changes the paperwork and tries to correct their mistake.

THE COURT:  Well, the witnesses, I'm sure, will be here that have recanted and they will testify during the trial.

THE DEFENDANT:  That's another thing.  My first

1 lawyer -- David Tamez was trying to make the declarant, which

2 is April Doughty, trying to make her unavailable. And then I

3 had a misunderstanding with my lawyer because he wanted to

4 subpoena her. I didn't know nothing about no hearsay law but

5 he was trying to make her -- she states that, you know, she's

6 going to be here and all that. But he's trying to make her

7 unavailable.

8         MR. STICKLER: She's going to be here and

9 testify.

10         THE DEFENDANT: This time this man here told

11 me --

12         MR. STICKLER: I've never. I've never said that.

13         THE COURT: Okay. I think there are subpoenas

14 out for that witness.

15         THE DEFENDANT: There is now since they know that

16 I'm insisting on having her here.

17         THE COURT: Okay. Well, subpoenas are out for

18 that witness.

19         THE DEFENDANT: I don't plan on going onto the

20 stand for the record. I don't plan on saying anything good or

21 ~~bad about my character~~ *[struck through]*. But I would like to question my own

22 witnesses without bringing 20-year-old -- *Cases*

23         THE COURT: Mr. Doughty, here is the thing.
*at this Point, I never asked for Joint - Counsel*

24 Texas law as I understand it doesn't permit for joint counsel.

25 *all...*
The only thing would be you would have to be your entire lawyer

1 for the entire case, dealing with objections, introduction of
*Here the Judge is questioning my ability to Represent myself.*
2 evidence and things of that nature.

3       THE DEFENDANT: I couldn't have him as

4 co-counsel? *The Judge brought up Co-Counsel - not me. This was Just my responce to what he said.*

5       THE COURT: As I understand the law, there is not

6 co-counsel. And so in case like this --

7       THE DEFENDANT: Yes, sir.

8       THE COURT: It's very much to your detriment not

9 to have counsel. *Here, the Judge recognizes that I went to be my own Counsel.*

10       Mr. Stickler has tried many cases before me.

11 He's tried many other cases in this county. He has an

12 excellent reputation for a very, very, very good defense

13 lawyer. So I am not going to allow you to question your own

14 witnesses because I think that would be extremely detrimental

15 to your case. *Here the Judge Clearly is refusing to let me Self Represent.*

16       As far as for him to withdraw as counsel, you

17 would be going on your own and that would not be good for your

18 case. *Here the Judge is forcing an attorney upon me.* So I'm not going to remove him at this time. The case

19 is set for trial. He's been preparing to go to trial. I know

20 the witnesses have been subpoenaed and that everything has been

21 said.

22       I'm not going to be present. There is another

23 judge, a very experienced judge, who has got probably more

24 experience than I do, we've got to try and hear this case. So

25 this case will go forward on June 4th.

1           Now I need to make sure -- because I always do

2 this at the announcement docket.  I want to make sure -- has

3 any plea bargain been made by the State?

4               MR. TAMEZ:  Yes, Your Honor.

5               THE DEFENDANT:  What was that?

6               THE COURT:  Okay.  Wait a second.  Mr. Doughty.

7               THE DEFENDANT:  Sorry, sir.

8               THE COURT:  I will -- you address your

9 communications to me.

10              THE DEFENDANT:  Yes, sir.

11              THE COURT:  Just like the lawyers do.  And then

12 the lawyers talk to me.  They don't talk to each other.

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  Okay.  So it's clear, what is the

15 last plea bargain that was made?

16              MR. TAMEZ:  20 years TDC.

17              THE COURT:  20 years TDC.  Okay.

18              MR. STICKLER:  That was conveyed to you in

19 writing.

20              THE DEFENDANT:  I heard that.

21              THE COURT:  All right.  Now we are here on

22 announcement day.  You've been here enough on hearings to know

23 my policy is once we get past today if that's rejected then

24 there will be a trial.  So do you need the time to decide

25 whether to accept or reject that offer, or are you ready to

1  make your decision right now?

2          MR. STICKLER:  And I do want to put something

3  else on the record.  I did convey a counteroffer.  That

4  counteroffer was given to the State in writing, rejected in

5  writing, and copies of that were given to Mr. Doughty.

6          THE COURT:  Okay.  So --

7          MR. STICKLER:  But the 20-year offer is still

8  open through this morning.

9          THE COURT:  All right.  Now do you need a little

10  time to think about it?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  Okay.  What's your decision?

13          THE DEFENDANT:  I don't want to take that offer.

14          There is one other thing I want to address is

15  there was supposed to be a meeting outside the court, outside

16  the presence of a jury, to see what evidence was allowed and

17  what witnesses were allowed.  I haven't heard anything about

18  that.

19          THE COURT:  That will take place --
        *This meeting never took place.*

20          MR. STICKLER:  Okay.  So that's going to be on

21  June 4th and I have been in the jail, met with him, discussed

22  all this stuff that's kind of been spurred, probably some of

23  this hearsay motion stuff and extraneous motions that he filed

24  pro se.  I've explained that there were certain outcry rules of

25  what the alleged victim said to other people that they may be

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

1  able to come in and repeat.

2            Now I have filed motions to severance.  I've

3  filed motions to suppress those statements.  Those are all

4  going to be taken up on the 4th.  This gets to be a very

5  complex issue because there is multiple offenses over a

6  five-year period and the victim's age, she turned 14 during the

7  middle of those.  So we get sometimes where these outcry

8  statements are past the age of 14.  Sometimes they are prior to

9  the age of 14.

10            What complicates the issue more is I anticipate

11  the State is going to bring in an expert to testify to her

12  mental disability and that expert is going to testify that she

13  has about a 7-years-old's mental disability, which that may

14  make those -- the last time where she's above 14 -- it's a very

15  complex issue.

16            I've explained all that.  It's difficult for

17  anybody to understand.  It's been explained.

18            Also the State provided and has continued to keep

19  adding to multiple extraneous offenses.  All of those have been

20  provided to Mr. Doughty.  And again, this probably spurred some

21  of these pro se motions because while I tried to explain that

22  typically a lot of these extraneous are not admissible until

23  the punishment phase of a trial, in these types of charges the

24  extraneouses of the same or similar acts with multiple

25  different victims may become admissible even during the

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

Line 25 Shows that I filed many pro-se motions that all say pro-se, the judge and this attorney know this

Here it Shows that I dont trust this attorney filing my own motions. I know at this point this attorney is setting me up.

I told this attorney multiple times that I did not want him on my case. His awnser to this was always, You don't have a choise.

1 guilt/innocence phase of a trial.  And while he may disagree

2 with that being fair, I can't help that's the law and some of

3 those pro se motions complain of it.

*I was already trying to be my own defence*

4                    So I did explain that those people would have to

5 come to court and testify.  It's my understanding the State has

6 not only these people under subpoena.  They have airplane

7 tickets purchased, hotel reservations made and they will be

8 here.

9                    THE COURT:  Okay.

10                   MR. STICKER:  And then the last thing I do want

11 to say is I am not aware of -- and I have hired an

12 investigator, diligently working this case, and I am unaware of

13 any time that Esther, the victim, alleged victim, has recanted.

*This Person did recant + Attorney knows this.*

14                   THE COURT:  All right.  Mr. Doughty, after

15 hearing what was just said by your counsel, does that change

16 your decision on whether to -- do you want a little time to

*after hearing this attorney talk about this recant*

17 think about it?  *was tempted to take a plea.*

18                   THE DEFENDANT:  No, sir.  I don't change my

*This is what you call being railroaded into taking a plea*

19 decision.  There is evidence that I haven't seen about the

*asking me to take a plea once is enough, this was the*

20 DVD's and the things.  Could he come by and let me see them at

*3rd time.*

21 the jail?

22                   MR. STICKLER:  So here is what I can do, Judge.

23 I have taken notes on all of the body cams.  There were

24 multiple body cams.  I've taken all the notes, including ones

25 taken of Mr. Doughty.  I've taken those notes but I did not

1 take my computer in. I will do that.

2      Now there is a problem. I have watched a full

3 Children's Assessment Center video. I don't have a copy of

4 that video for obvious reasons. However, I have full

5 meticulous notes. And I have provided him the ability to read

6 my notes. Or me explaining what's being said. Truthfully, in

7 terms of the amount of evidence on those things, that will not

8 be played in court. I can't imagine why the CAC video would be

9 allowed to be played. But we are arguing over whether that

10 person is an outcry witness. There is really not a whole lot

11 on them. And that kind of goes because of the mental age of

12 the alleged victim.

13      THE COURT: All right.

14      THE DEFENDANT: Your Honor, I believe on the

15 videos and what the one CD was of one of the witnesses

16 recanting and I believe on the police DVD she tells one story

17 and the same night, two hours later, she tells the CPS a

18 totally different story that they could not match.

19      THE COURT: All right.

20      THE DEFENDANT: That will prove my innocence.

21      THE COURT: I will tell you that if that is the

22 case I'm sure Mr. Stickler will point that out.

23      THE DEFENDANT: And he's going to come by and

24 show them to me?

25      THE COURT: No. He won't show you those. He'll

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

1  show you his notes and he'll show you that information to see

2  what's available during the trial of the case.

3  THE DEFENDANT: Okay. That's all I can do. I

4  can agree to that. Yes, sir.

5  THE COURT: Well, I'm not saying you're going to

6  see it, but you'll see what evidence is admitted. Because it

7  will have to be admitted in open court.

8  THE DEFENDANT: Okay.

9  THE COURT: All right? Okay. We'll recess then.

10  Anything else from the State to put on the

11  record?

12  MR. TAMEZ: State is ready.

13  THE DEFENDANT: Are you going to come by?

14  MR. STICKER: Yes, I will be by.

15  THE COURT: All right. I know Mr. Stickler. I

16  know he will be by, Mr. Doughty.

17  THE DEFENDANT: Okay. Thank you, sir.

18  THE COURT: Yes, sir. Thank you. You're

19  excused.

20  **(A short recess was taken.)**

21  MR. STICKER: Just one more thing, too, while

22  we're here. Because this is another thing I tried to explain

23  that was a little difficult to understand.

24  The State has provided me with a Brooks notice.

25  MR. TAMEZ: Correct.

1      MR. STICKER:  And so Count One punishment range

2  has changed to 5 to 99.  Count Two and Three are changed to 15

*Scare tactics from this attorney. later on trial date*

3  to 99.  And he does have a previous pen trip obviously from

*they Cornerd me into takiing a Plea.*

4  that Brooks notice which makes him ineligible for probation.

5  So I've explained those things to him as well.

6              THE DEFENDANT:  I understand that.

7              THE COURT:  Okay.  You understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  All right.  Very good.  Thank you

10  very much.  You're excused.

11          **(Proceedings concluded.)**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THE STATE OF TEXAS)
COUNTY OF BRAZORIA)

      I, Jill Friedrichs, Official Court Reporter, in and for the 412th District Court of Brazoria County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in the volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

      I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

      I further certify that the total cost for the preparation of the original and one copy of the Reporter's Record is $ 75.00 and was paid/will be paid by Brazoria County.

      WITNESS MY OFFICIAL HAND this the 22nd day of August, 2018.

/s/ Jill Friedrichs
JILL FRIEDRICHS, Texas CSR 6866
Expiration Date: 12/31/18
Official Court Reporter
412th District Court
Brazoria County, Texas
111 E. Locust, Room 201
Angleton, Texas  77515
979.864.1917

JILL FRIEDRICHS
Official Court Reporter
412th Judicial District Court

```
------------------------------------------------
        TDCJ - INSTITUTIONAL DIVISION        |
            OFFICIAL LAYIN PASS              |
              ADMINISTRATIVE                 |
                                             |
   EFFECTIVE DATE: 08/27/2019                |
   FROM-TO TIME: 08:00-12:00                 |
   START DATE: 08/27/2019 END DATE: 08/27/2019
                                             |
 ADMIT: 02203962 DOUGHTY,CRAIG              |
   REASON: MAILROOM/LEGAL    HOUSE: S-024B  |
                                             |
   JOB: COOK 3RD                  00:00-08:00|
   EDUC:                                     |
                                             |
                                             |
   COUNTROOM: CUELLAR                        |
                                             |
   TITLE: CLASSIFICATION                     |
                                             |
------------------------------------------------
```

```
            TDCJ - INSTITUTIONAL DIVISION
                OFFICIAL LAYIN PASS
                  ADMINISTRATIVE

   EFFECTIVE DATE: 09/04/2019  _____
   FROM-TO TIME: 08:00-12:00   _____
   START DATE: 09/04/2019 END DATE: 09/04/2019

 ADMIT: 02203962 DOUGHTY,CRAIG
   REASON: MAILROOM/LEGAL    HOUSE: S-024B

                                      00:00-08:00
   JOB: COOK 3RD
   EDUC:


   COUNTROOM: CUELLAR

   TITLE: CLASSIFICATION

        ------------------------------------------
```

Courts

Findings of fact



# TDCJ – INSTITUTIONAL DIVISION
## OFFICIAL PASS

S-24

Good Only on Authentic and Authorized Signature
Indicated in "Signature" space below.

Time 7-19-19   8a - 12p    Date 7-18-19
(Issued)    (Time Allowed)

Admit **Doughty, Craig**   # 2203962
(Name and TDCJ Number)

To **Mailroom (for legal mail)**
— 2nd notice —

Items to be Admitted   Ø
(Give invoice Number and other charge paper data as reference to detail list.)

_These papers are part of this pass._

Signature _____   Title M/R Supervisor

Note: NO MERCHANDISE TO BE ADMITTED IN OR OUT WITHOUT PASS

✫I-22

# Ending Mass Incarceration

## Scitophraia

```
                  2  1        360
          5     2520          365
                   5
              12600  Days
```

3650 Days
10 Years

```
  1  1              2 2
3650              3650              40 Years
3650  30 Years    3650
3650              3650                 1  1
3650              3650               3650
10950            14600               x    3
                                     10950

         12600 =

  5 4                        2 2
  365               2000     3650
     8              Days      x   4
2920                         14600
```

```
------------------------------------------------------------
            TDCJ - INSTITUTIONAL DIVISION
               OFFICIAL LAYIN PASS
                 ADMINISTRATIVE

  EFFECTIVE DATE: 07/18/2019
   FROM-TO TIME: 08:00-12:00   _____
   START DATE: 07/18/2019 END DATE: 07/18/2019

  ADMIT: 02203962 DOUGHTY,CRAIG
   REASON: MAILROOM/LEGAL   HOUSE: S-0248

   JOB: CLOTHING CART HANDLER 1ST   08:00-17:00
   EDUC:


   COUNTROOM: CUELLAR

   TITLE: CLASSIFICATION

------------------------------------------------------------
```

Lay-in for ~~Illegal~~ Legal Mail

from Crespin Michel Linton

7-15-19 to 7-18-19

Govement

Missconduct.

**NOTIFICATION TO COME BY MAIL ROOM**

Neal

Inmate Name Daughty, Craig _____ UNIT _____

Date 5-3-19

Inmate No. 22039162 _____

The above named inmate is required to come to the mail room

5-6-19          8a-12p
                (Date and Time)

regarding the following matter:

_____ Questionable Correspondence
_____ Questionable Publication
_____ Package
___✓__ Legal, Special, or Media Correspondence
_____ Other

Inmate's Signature_____ Date _____

Notifying
Officer's Signature_____ _____

Original—Return to unit mail room.
Copy—Give completed copy to inmate.          ☆I-152 (NRD)

```
            TDCJ - INSTITUTIONAL DIVISION
                OFFICIAL LAYIN PASS
                   ADMINISTRATIVE

      EFFECTIVE DATE: 02/26/2020
      FROM-TO TIME: 08:00-12:00
      START DATE: 02/26/2020 END DATE: 02/26/2020

      ADMIT: 02203962 DOUGHTY,CRAIG
       REASON: MAILROOM/LEGAL    HOUSE: S-024B

       JOB: OFF
       EDUC:


       COUNTROOM: CUELLAR

        TITLE: CLASSIFICATION
```

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308 CAPITOL STATION, AUSTIN, TEXAS 78711
OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PRESORTED
FIRST CLASS

U.S. POSTAGE >> PITNEY BOWES

ZIP 78701 $ 000.26⁸
02 1W
0001401682 AUG 02 2019



**7/25/2019**
**DOUGHTY, CRAIG**          **Tr. Ct. No. 78393-CR-A**          **WR-90,182-01**
On this day, the application for 11.07 Writ of Habeas Corpus has been received
and presented to the Court.

S-24                         Deana Williamson, Clerk

CRAIG DOUGHTY
NEAL UNIT - TDC # 2203962
9055 SPUR 591
AMARILLO, TX 79107

SMIWNAB 79107

---

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308 CAPITOL STATION, AUSTIN, TEXAS 78711
OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

PRESORTED
FIRST CLASS

U.S. POSTAGE >> PITNEY BOWES

ZIP 78701 $ 000.26⁸
02 1W
0001401603 AUG 16 2019

**8/14/2019   DOUGHTY, CRAIG   Tr. Ct. No. 78393-CR-A   WR-90,182-01**
On this day a supplemental clerk's record has been received and presented to the
Court.

Deana Williamson, Clerk

CRAIG DOUGHTY
NEAL UNIT - TDC # 2203962
9055 SPUR 591
AMARILLO, TX 79107   S-24

pass

SMIWNAB 79107

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

U.S. POSTAGE >> PITNEY BOWES

ZIP 78702
02 4W
0000372116 MAR 12 2020
$ 000.27⁰



3/11/2020
**DOUGHTY, CRAIG**      Tr. Ct. No. 78393-CR-A                **WR-90,182-01**
This is to advise that the Court has denied without written order the application for
writ of habeas corpus on the findings of the trial court without a hearing and on the
Court's independent review of the record.

Deana Williamson, Clerk

CRAIG DOUGHTY          S-24
NEAL UNIT - TDC # 2203962
9055 SPUR 591
AMARILLO, TX 79107

3MIWNAB 79107

---

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

U.S. POSTAGE >> PITNEY BOWES

ZIP 78701
02 1W
0001401603 FEB 21. 2020
$ 000.27⁰

2/20/2020
**DOUGHTY, CRAIG   Tr. Ct. No. 78393-CR-A   *WR-90,182-01**
On this day, the supplemental clerk's record in response to the order issued by this
Court, has been received and presented to the Court.

Deana Williamson, Clerk

2nd notice 2-26 20

CRAIG DOUGHTY
NEAL UNIT - TDC # 2203962
9055 SPUR 591
AMARILLO, TX 79107

S-24

iMEBNAB 79107

S.24

# NOTIFICATION TO COME BY MAIL ROOM

_____Deal_____ UNIT

Inmate Name _Daughty, Craig_ Date 3-16-20

Inmate No. _2203962_

The above named inmate is required to come to the mail roo
3-D-20                    8am-12
_____ (Date and Time)

regarding the following matter:

_____ Questionable Correspondence
_____ Questionable Publication
_____ Package
___✓__ Legal, Special, or Media Correspondence
_____ Other

Inmate's Signature_____ Date _____

Notifying
Officer's Signature _Mar_____
Original—Return to unit mail room.
Copy—Give completed copy to inmate.          ☆I-152 (NF

I receved A denial from the Court
of Criminal appeals of Texas in
the Prison mail system 3-17-20
Writ of habeas Corpus. 11.07

I Sent a writ of habeas Corpas
11.07 to The Court OF Criminal
appeals of Texas by way of the Prison
mail system. 5-15-19

Hi.

I Sent Legal mail out on the 14th or 15th of May a form Called Writ of Habias Corpus or 11.07

There is a time limit to this form. From the day it was mailed

Do you have Documentation of this and if So Could I have proof of this. Thank You.

Name: Craig Doughty.                    ?3962          Unit: AGAC

Living Quarters: S-24          ssignment: Laundry

**DISPOSITION:** (Inmate will not write in this space)

Sent out:
1. Crespin Michael - Houston Tx = 5-13-19
2. 412th Dist Court - Angleton = 5-15-19

Prieado

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)          *Sent 1107  5-15 2019*

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: _Mail Room_                              DATE: _5-21-19_
        **(Name and title of official)**

ADDRESS: _NEAL unit_

# Exhibit B

1. Date of Judgment and Conviction.    June 4 2018

2. Day sent 11.07 Writ of habeas Corpus, by Way of Prison mail system

                                        May 15 2019

3. Day I receved a denial, by Way of Prison mail system.

                                        March 17 2020

4. Day I sent 2254 Writ of habeas Corpus, by Way of Prison mail system

                                        March 24 2020

    When Calculated the time is Just under a Year.

    As You Can see it took some time go through the State Court for the 11.07

    also the Court reporter Stalled me on getting transcripts I needed for the 11.07

                    Craig Doughty   3-24-20

To Clerk.

This is my 2254 writ
Could you file this to the
Court in a Proper manner.
This is The best I Could do
being Pro-SE and Indigent.

Thank You.





Craig Doughty # 2203962
Goss Spur 591
Amarillo, TX. 79107



X-RAY
USMS

RECEIVED

MAR 26 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF TEXAS
205 S.E. 5TH AVE. ROOM 133
AMARILLO, TEXAS, 79101

LEGAL Mail